**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS**
200 West 41st Street, 17th Floor
New York, New York 10036
(212) 679-8700
Fred Stevens
Sean C. Southard
Brendan M. Scott

*Counsel to the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | Chapter 11 |
| **TITAN CONCRETE, INC.,**[1] | Case No. 23-35835 (KYP) |
| **Debtor.** | |

**DEBTOR'S MOTION TO SHORTEN NOTICE OF HEARING ON DEBTOR'S MOTION FOR ENTRY OF AN ORDER ENFORCING THE AUTOMATIC STAY AGAINST POINT H REALTY CORP. AND IMPOSING SANCTIONS BASED UPON POINT H REALTY CORP.'S WILLFUL VIOLATION OF THE AUTOMATIC STAY**

Titan Concrete, Inc. (the "Debtor" or "Company"), as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby moves this Court (the "Motion to Shorten Time"), pursuant to rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9077-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules"), for entry of an order shortening the time for notice of hearing on the Debtor's motion pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order, enforcing the automatic stay and imposing sanction

---

[1] The Debtor's mailing address in this chapter 11 case is 301 Route 52, Carmel, NY, 10512, and the last four digits of the Debtor's tax identification number are 9724

against Point H Realty Corp. (the "Landlord") based upon its willful violation of the automatic stay. In support of the Motion to Shorten Time, the Debtor respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over the Motion to Shorten Time pursuant to 28 U.S.C. §§ 157 and 1334.

2. Consideration of the Motion to Shorten Time is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1409 and 1409.

4. The predicate for the relief requested in the Motion to Shorten Time is rule 9006(c) of the Bankruptcy Rules and Rule 9077-1 of the Local Rules.

## RELIEF REQUESTED

5. Through this Motion to Shorten Time, the Debtor requests and order, pursuant to Bankruptcy Rule 9006(c)(1) shortening the notice period required to be provided with respect to the Motion to Enforce Stay so that it may be heard as soon as the Court has availability to hear the Motion to Enforce Stay.

6. Bankruptcy Rule 9006(c)(1) authorizes this Court, for cause shown, to reduce the notice period for a hearing to consider the Motion to enforce Stay. *See* Fed. R. Bankr. P. 9006(c)(1). As described more fully in the Motion to Enforce Stay and the Declaration of Michael Saccente, ample cause and exigencies exist to reduce the notice period.

7. On August 20, 2024, the Debtor filed a motion (the "Motion to Enforce Stay") [Docket No. 36], pursuant to sections 105(a) and 362(a) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order, substantially in the form annexed hereto as **Exhibit "A"**, enforcing the automatic stay and imposing sanction against Point H Realty Corp. (the

2

"<u>Landlord</u>") based upon its willful violation of the automatic stay relating to Landlord's refusal to release the Debtor's property to it after Landlord evicted the Debtor from the premises located at 526 Drake Street, Bronx, New York.

8. As described in the Motion to Enforce Stay, the Debtor is being deprived of the use of its property by Landlord's willful stay violations, and the inability to use the Personal Property is impacting the Debtor's operations. As such, the Debtor seeks to have the hearing on the Motion to Enforce Stay on shortened notice as soon as the Court has availability.

9. If the hearing on the Motion to Enforce Stay is delayed, the Debtor will be prevented from enjoying the use of its property in its ordinary course operations, which will negatively impact the value of the Debtor's bankruptcy estate by limiting the Debtor's operations and putting at risk of theft the Debtor's valuable concrete trucks, parts and tools.

10. For the foregoing reasons, and for the reasons set forth in the Declaration of Michael Saccente in support of the Motion to Shorten Time, the Debtor submits that ample cause and exigencies exist to shorten notice as requested herein.

## **NOTICE**

11. Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time without notice. Accordingly, no notice of the Motion to Shorten Time has been given.

12. Notice of the Motion to Enforce Stay and hearing thereon will be given to all parties required to receive notice pursuant to Bankruptcy Rule 2002.

## **NO PRIOR APPLICATION**

13. No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Motion to Shorten Notice be

granted and that this Court enter an order substantially in the form annexed hereto as **Exhibit "A"** granting the relief requested herein, and such other and further relief as may be just and proper.

Dated: New York, New York
August 20, 2024

                **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: _/s/ Brendan M. Scott_
Fred Stevens
Sean C. Southard
Brendan M. Scott
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: fstevens@klestadt.com
       ssouthard@klestadt.com
       bscott@klestadt.com

*Counsel to Debtor and Debtor in Possession*